IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIE M. McCRAY** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. ELH-11-3732 |
| **MARYLAND DEPARTMENT OF TRANSPORTATION, MARYLAND TRANSIT ADMINISTRATION,** | * * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF JOHN H. MORRIS, JR.

JOHN H. MORRIS, JR. hereby deposes and states as follows:

1. I am counsel for the Plaintiff in the above-captioned action. This Declaration is offered in opposition to Defendant's Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment in accordance with Rule 56(d) of the Federal Rules of Civil Procedure. As counsel, I have personal knowledge of the record developed in this matter as well as the nature of the record to be developed if given an opportunity to pursue discovery. The facts and matters stated herein are based upon my personal knowledge, and I am competent to testify thereto.

2. The primary issue, even as to the Plaintiff's assertions of discrimination in this action, is whether the Defendant's assertion of budgetary concerns as a discrimination neutral reason for the decision to select for elimination the position then occupied by Plaintiff was a pretext for some otherwise unlawful form of discrimination.

3. In assessing the genuineness of the reasons asserted by this decision-makers in this case, evidence of how these same decision-makers may have acted in other cases involving the selection of positions for elimination would be relevant. At this time, I am

counsel not only for Plaintiff, but also for Dawnn McCleary-Evans. She has already filed similar claims in an action now pending in this Court. I also represented Helen Dale, who would raise similar claims. She has recently requested that the EEOC terminate its investigation which has been proceeding for more than 180 days, and, consistent with Title VII, issue her notice of her right to sue. Her request to the EEOC has yield a referral of the matter to the Department of Justice pending the issuance of authorization for her to proceed with litigation. Last, I represent Adrienne Walker-Pittman, who, in January 2012, submitted a letter rebutting the response developed by the Defendant Agency to her allegations of discrimination in connection with the elimination of her position. With Plaintiff and Ms. McCleary-Evans already in this Court, both Ms. Dale and Ms. Walker-Pittman will shortly follow their course and commence their own litigation raising the same issues as are presented in this case.

     4. At this stage in the process, such information as may be develop for submission in Ms. McCleary-Evans' litigation or that to be brought shortly by Ms. Dale or Ms. Walker-Pittman is not available to this Court to resolve this action now should it proceed to resolution without pretrial discovery.

     5. Although Plaintiff has requested the file maintain by the EEOC and pursued a Public Information Act request of the Defendant under Maryland law, neither effort to secure information is a suitable substitute for pretrial discovery. In neither course is a requesting party able to test the sufficiency of the responding party's production. Moreover, in neither instance may the requesting party secure the assistance of a court to compel response to the extent permitted by pretrial discovery. As a result, because these avenues to secure information have left a number of issues unresolved that are critical for controverting the assertions of the Defendant. Most glaring is the absence of a statement of criteria that the Defendant contends it employed with an explanation how those criteria applied to explain why a given eliminated position was chosen while another preserved position was not. Without such a developed response, Plaintiff is unable to subject the

Defendant's discrimination-neutral explanation for its decision-making to rigorous scrutiny to test its veracity and validity, in order to establish that the proffered rationale was a pretext. Such response likely can only be developed through the fluid back and forth of a deposition.

      6. At this time, with this motion being the first contested pleading filed in this litigation, the parties have had no prior opportunity to explore discovery.

      I, JOHN H. MORRIS, JR.., hereby affirm, in accordance with 28 U.S.C. § 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing Declaration is true and correct. Executed on August 8, 2012.


                                                             _____/s/_____
                                                            JOHN H. MORRIS, JR.